# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERNEST LEE ROY MOORER,<br><br>                              Plaintiff,<br>v.<br><br>US DEPARTMENT OF VETERAN AFFAIRS,<br><br>                             Defendant. | Case No. 19-CV-1406-JPS<br><br>**ORDER** |

On September 26, 2019, the plaintiff, Ernest Lee Roy Moorer ("Moorer"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Moorer's allegations, handwritten in his five-page complaint and eighteen-page exhibit, are extremely difficult to follow. The Court gathers that Moorer is a veteran of the United States Navy and has been diagnosed with schizophrenia.[1] He primarily complains about staff at the Veterans' Administration Medical Center mocking his wife and telling Moorer to

---

[1] To aid in its review of Moorer's complaint, the Court has consulted the dockets in some of the many other cases Moorer has filed in this District. In Case No. 17-CV-443-DEJ (E.D. Wis.), for example, Moorer filed a *pro se* social security complaint challenging a denial of benefits. In its order affirming the Social Security Commissioner's decision, the court in that case noted Moorer's Navy service and his schizophrenia diagnosis. (Case No. 17-CV-443-DEJ, Docket #22 at 2 (E.D. Wis.)).

leave her. (Docket #1-1 at 1). He makes references to social security benefits, saying he has been appealing the denial of benefits for 13 years, but he does not express an intention to appeal any specific order of the Social Security Administration with this lawsuit. (Docket #1 at 2–3 and #1-1 at 8, 13). The balance of his complaint is rambling and nearly unintelligible; he talks about his uncles who have air conditioning and fertilizer equipment, *id.* at 10, someone using him as a "guinea pig," *id.* at 15, and the disarray of our city since the Reagan administration, *id.* at 16.

Moorer's complaint is cast in such an incoherent and confusing manner that it must be dismissed under Federal Rule of Civil Procedure 8(a) based on Moorer's failure to give the defendant (as well as the Court) fair notice of his claim. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) (if a complaint's lack of clarity makes it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted). The Court cannot glean any cognizable claim from Moorer's allegations, let alone a claim that belongs in federal court. Though the Court is required to construe a *pro se* plaintiff's complaint liberally, *see Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006), it may dismiss a complaint that is "sprawling, confusing, and redundant" and provides no adequate basis to discern the nature of the *pro se* plaintiff's claims. *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005); *see also Stanard v. Nygren*, 658 F.3d 792, 798–99 (7th Cir. 2011) ("[t]hough length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so.").

In light of the foregoing, this action will be dismissed without prejudice and Moorer's motion to proceed *in forma pauperis* will be denied as moot.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge